# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

**NAVOLIN PHILLIPS**
    **Plaintiff,**            )
                       )
**v.**                       )
                       )      **CIVIL ACTION NO. 16-00152-KD-B**
**TEKPAK**             )
    **Defendant.**        )

## ORDER

This matter is before the Court on Defendant Tekpak's ("Tekpak") Motion for Summary Judgment, Plaintiff Navolin Phillips' ("Phillips") response, and Tekpak's reply. (Docs. 29, 31, and 32). Upon consideration, Tekpak's Motion for Summary Judgment (Doc. 29) is **GRANTED in part** and **DENIED in part**.

### I.    Findings of Fact[1]

On March 2, 2015, Phillips began working at Tekpak's location in Marion, Alabama. Tekpak is a "manufacturing company which, as part of its services packs various food items for its customers." (Doc. 1 at 1, ¶5). Phillips was contracted through a temp agency. (Doc. 1 at 1, ¶ 7).

On Friday, April 3, 2015, Phillips was working a night shift on the seasoned salt packing line. Her immediate supervisor was Robert Boykin ("Boykin"). During the shift, Phillips and a co-worker had an argument. (Doc. 29-13 at 35; Dep. Phillips at 112). Following the dispute, Boykin moved Phillips to a different section of the workplace, away from the co-worker. (Doc. 29-13 at 33; Dep. Phillips at 131). Phillips was displeased with the co-worker's treatment of her

---

[1] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998–999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Priester v. City of Riviera Beach,* 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

and with Boykin's reaction to the dispute. (Doc. 29-13 at 33-34; Dep. Phillips at 132-133). As a result, Phillips expressed her complaints to Boykin. (*Id.*)

During the same shift, just after Phillips complained to Boykin, he "inappropriately touch[ed] her on her rear-end and arm…." (Doc. 1 at 1, ¶10). Specifically, Boykin grabbed Phillips by the rear end, shook her rear end, made a grunting noise, and pushed her into a pallet. (Doc. 29-13 at 38, 39; Dep. Phillips at 149-156). After this incident, Phillips told Boykin she was going to report him to the human resources department. (Doc. 1 at 1, ¶ 11; Doc. 29-13 at 34, 39; Dep. Phillips at 135, 149). Phillips remained at work until her shift concluded.

After this shift, Boykin wrote a note to his supervisor, Robert Askew ("Askew"). The note[2] stated:

> I Robert Boykin, 2nd/shift Production Supervisor, would like immediately termination. For employee, Navolin Phillips. She is a Temp, employee will not listen or follow work Procedures. Navolin always got something smart to say, when [quality control] or Supervisor tell her how to do her job properly. Navolin Phillips, work are unsatisfactory work. If I Let Navolin stay I would be gambling with the Quality of my work. Robert Boykin 4/3/15

(Doc. 31-1). Based on Boykin's recommendation, the morning of Monday, April 6, 2015, Askew instructed Tekpak's Assistant Human Resources Coordinator Elsie Essex ("Essex") to terminate Phillips. That day, Essex called Phillips to tell her not to report back to Tekpak until further notice.

On April 15, 2015, Phillips filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 29-4). On April 12, 2016, after she had received a Notice of Right to Sue letter, Phillips filed the instant complaint against Tekpak, alleging a claim of sexual harassment and a claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

---

2 Grammar and capitalization as in original.

2000e *et seq.* ("Title VII"). (Doc. 1; Doc. 1 at ¶2). Tekpak has moved for summary judgment on both claims.

## II.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v.*

*Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmovant fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In assessing whether the nonmovant has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter....Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 999 (11th Cir. 1992).

## III. Analysis

Phillips raises Title VII claims for sexual harassment and retaliation. As discussed herein, Defendant's motion for summary judgment as to Phillips' sexual harassment claim is **GRANTED**. Defendant's motion for summary judgment as to Phillips' retaliation claim is **DENIED**.

### A. Sexual Harassment

Phillips alleges that Boykin sexually harassed her by grabbing her on the rear end, making grunting noises, and pushing her into a pallet on the night of April 3, 2015. To establish a *prima facie* case of sexual harassment under Title VII a plaintiff must show:

> (1) she belongs to a protected group; (2) she has been subjected to unwelcome sexual harassment; (3) the harassment was based on her sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable exists.

*Hulsey v. Pride Restaurants, LLC,* 367 F.3d 1238, 1244 (11th Cir. 2004) (citing *Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir. 1999); *Johnson v. Booker T. Washington Broad.*

*Serv.,* 234 F.3d 501, 508 n. 7 (11th Cir. 2000)). The Eleventh Circuit has referred to these elements as the "*Mendoza* factors." *See e.g., Johnson,* 234 F.3d at 508 n. 7.

Tekpak contends that Phillips fails to meet her burden with regard to the third and fourth *Mendoza* factors. (Doc. 29 at 17-24). As discussed below, Phillips has failed to establish a *prima facie* case of sexual harassment because she has failed to show that the alleged conduct "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Hulsey*, 367 F.3d at 1244. "When the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(internal quotations and citations omitted).[3]

The determination whether the alleged conduct is severe and pervasive, such that it altered the terms and conditions of Phillips' employment, requires the Court to engage in a two-pronged inquiry. As explained in *Mendoza*,

> Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an

_____

3 The Northern District of Alabama has summarized:

> There are two instances in which sexual harassment amounts to a Title VII violation. The first is if the "employee's refusal to submit to a supervisor's sexual demands results in a tangible employment action being taken against her." *Hulsey,* 367 F.3d at 1245. A tangible employment action is " 'a significant hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.' " *Id.* at 1245 (quoting *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)). "An employer is liable under Title VII if it (even unknowingly) permits a supervisor to take a tangible employment action against an employee because she refused to give in to his sexual overtures." *Id.* Secondly, sexual harassment can constitute a Title VII violation "if it is sufficiently severe and pervasive to effectively result in a change ... in the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned." *Id.* (citing *Burlington Indus.,* 524 U.S. at 754, 118 S.Ct. 2257).

*Lowe v. Cardinal Health Inc.*, 61 F. Supp. 3d 1228, 1236 (N.D. Ala. 2014). Here, Phillips has pursued only a hostile work environment based claim. The facts alleged do not support a tangible employment action based claim. No implicit sexual demand was made. At most, there was a sexual contact.

objective component. *Harris,* 510 U.S. at 21–22, 114 S.Ct. 367. The employee must "subjectively perceive" the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must be objectively reasonable. *Id.* The environment must be one that "a reasonable person would find hostile or abusive" and that "the victim ... subjectively perceive[s] ... to be abusive." *Id.* at 21, 114 S.Ct. 367. Furthermore, "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' " *Oncale,* 118 S.Ct. at 1003 (quoting *Harris,* 510 U.S. at 23, 114 S.Ct. 367).

The objective component of this analysis is somewhat fact intensive. Nevertheless, the Supreme Court and this Court have identified the following four factors that should be considered in determining whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods,* 121 F.3d 642, 647 (11th Cir.1997) (citing *Harris,* 510 U.S. at 23, 114 S.Ct. 367). The courts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment. *Id.; see Harris,* 510 U.S. at 23, 114 S.Ct. 367; *Henson,* 682 F.2d at 904; *Faragher,* 118 S.Ct. at 2283 (citing *Harris,* 510 U.S. at 23, 114 S.Ct. 367, and explaining that "[w]e directed courts to determine whether an environment is sufficiently hostile or abusive by 'looking at all the circumstances' ").

*Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1246 (11th Cir. 1999).

Phillips has failed to meet her burden as to the objective component of this inquiry. The parties agree that Boykin's actions were a one time event. (Doc. 29 at 21; Doc. 31 at 18-19). Phillips has not identified any other statements made or actions taken by Boykin that she perceived as harassing or inappropriate. It is undisputed that there were no prior complaints about sexual harassment against Boykin made by Phillips or any other Tekpak employee. Thus, Phillips' hostile work environment based sexual harassment claim is premised only on the events of April 3, 2015.

Taking Phillips' allegations as true, though the conduct was physically threatening, considering the factors outlined above, under the totality of the circumstances, the allegations do

not rise to the level of actionable sexual harassment. The alleged conduct occurred one time. There has been no evidence presented that the conduct was severe or pervasive such that Phillips' conditions of employment were altered. Courts have routinely rejected sexual harassment claims based on conduct as or more serious than the conduct alleged here. *See Mendoza* at 1246-47 (collecting cases). The Supreme Court has observed that "[a] recurring point in [its sexual harassment] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)(internal citations and quotations omitted); *See also Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1250 (11th Cir. 2014) ("Our precedents direct district courts [to] examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment.")(internal citations and quotations omitted).

This is not to say that Boykin's alleged behavior is appropriate, but this Court's role is not to determine what is appropriate in the workplace. "Although Title VII's prohibition of sex discrimination clearly includes sexual harassment, Title VII is not a federal civility code." *Mendoza* 195 F.3d at 1245 (internal quotations and citations omitted).

Under the totality of the circumstances, because Phillips has failed to show that Boykin's conduct objectively altered the terms or conditions of her employment, she has failed to establish a *prima facie* case of sexual harassment premised on a hostile work environment. Accordingly, Tekpak's motion for summary judgment as to this claim is **GRANTED**.

**B. Retaliation**

Phillips claims that she was terminated in retaliation for her threat to report Boykin's conduct to human resources. (Doc. 1 at 3). When analyzing a retaliation claim based on circumstantial evidence, courts usually employ the *McDonnell Douglas* analytical framework. *Bryant v. Jones,* 575 F.3d 1281, 1307 (11th Cir. 2009). Under this framework, a plaintiff must first establish a *prima facie* case by showing that (1) she engaged in an activity protected under Title VII, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action. *Brown v. Ala. Dep't of Transp.,* 597 F.3d 1160, 1181 (11th Cir. 2010). Once a plaintiff establishes a *prima facie* case of retaliation, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Bryant,* 575 F.3d at 1308. If the defendant carries this burden, the plaintiff must demonstrate that the proffered reason was merely a pretext to mask retaliatory actions. *Id.*

However, the *McDonnell Douglas* framework "is not the *sine qua non* for a plaintiff to survive summary judgment in a discrimination case." *Sims v. MVM, Inc.,* 704 F.3d 1327, 1333 (11th Cir. 2013). "[A] plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith,* 644 F.3d at 1328. "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation and footnote omitted).

Tekpak's motion for summary judgment as to this claim is based on Phillips' failure to establish a causal connection between the protected activity and the adverse employment action.[4] Phillips has not argued that Askew had a retaliatory motive. Rather, Phillips' retaliation is based on a cat's paw theory of liability. Phillips argues that Askew (the decision maker) served as a conduit for Boykin's (the non-decision maker) retaliatory motive. As explained in *Stimpson v. City of Tuscaloosa*:

> We have previously stated the general proposition that in some cases, a discharge recommendation by a party with no power to actually discharge the employee may be actionable if the plaintiff proves that the recommendation directly resulted in the employee's discharge. However, as we have recently explained, this causation must be truly direct. When the biased recommender and the actual decisionmaker are not the same person or persons, a plaintiff may not benefit from the inference of causation that would arise from their common identity. Instead, the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee.

> One way of proving that the discriminatory animus behind the recommendation caused the discharge is under the "cat's paw" theory. This theory provides that causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation without independently investigating the complaint against the employee. In such a case, the recommender is using the decisionmaker as a mere conduit, or cat's paw to give effect to the recommender's discriminatory animus.

186 F.3d 1328, 1332 (11th Cir. 1999)(internal quotations and citations omitted). "To show causation through a cat's paw theory, the plaintiff must at a minimum show that the ultimate decision-maker followed a biased recommendation." *Polion v. City of Greensboro*, 614 F. App'x 396, 399 (11th Cir. 2015)(citing *Staub v. Proctor Hosp.,* 562 U.S. 411, 420, (2011); *Stimpson v. City of Tuscaloosa,* 186 F.3d 1328, 1331 (11th Cir.1999).

The alleged sexual harassment took place on Friday, April 3, 2015. The same night, Boykin wrote Askew requesting Phillips' termination. Phillips was terminated Monday, April 6,

---

4 Tekpak has not challenged that Phillips engaged in statutorily protected conduct.

2015. In response to Phillips' cat's paw based arguments, Tekpak states, "This Court has no evidence before it establishing whether an 'independent investigation' may or may not have been conducted." (Doc. 32 at 13).

Viewing the facts in a light most favorable to Phillips, Boykin's immediate request to terminate Phillips after Phillips had stated she was filing a complaint, is sufficient to create an issue of fact as to whether the recommendation for termination was in retaliation for Boykin's complaint. Moreover, although Askew was the ultimate decision maker, and there has been no evidence presented that he was aware of Phillips' protected activity (*i.e.* Phillips' threat to report Boykin), Askew appears to have acted solely and immediately on Boykin's request and recommendation when he instructed Essex to terminate Phillips.

Taking the facts in the light most favorable to Phillips, as is required at this stage, she has raised issues of fact as to her retaliation claim that should be determined by a jury. Accordingly, Tekpak's motion for summary judgment as to Phillips' retaliation claim is **DENIED**.

## IV. Conclusion

For the reasons discussed herein, Tekpak's motion for summary judgment (Doc. 29) as to Phillips' claim for sexual harassment is **GRANTED**. Tekpak's motion for summary judgment (Doc. 29) as to Phillips' claim for retaliation is **DENIED.**

**DONE** and **ORDERED** this **11**[th] day of **July 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**